**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Julia E. Markley**, OSB No. 000791
JMarkley@perkinscoie.com
**Kristina J. Holm**, OSB No. 112607
KJHolm@perkinscoie.com
**PERKINS COIE** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Defendant CC International LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TOO MARKER PRODUCTS, INC., and IMAGINATION INTERNATIONAL, INC., <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> CC INTERNATIONAL LLC, AND HOT OFF THE PRESS, INC., <br><br> Defendants and Counterclaim Plaintiffs. | No. 6:12-cv-00834-TC <br><br> **DEFENDANT CC INTERNATIONAL LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** (Trademark Infringement; Unfair Competition) <br><br> **DEMAND FOR JURY TRIAL** |

        Defendant and Counterclaim Plaintiff CC International ("CC") replies to Plaintiffs'

Complaint as follows:

### NATURE OF THIS ACTION

        1.      CC admits that the Complaint asserts trademark infringement and unfair

competition under the laws of the United States and under the common law of trademarks, but

CC denies any wrongdoing under those or other laws.

1-      CC INTERNATIONAL LLC'S ANSWER, AFFIRMATIVE
        DEFENSES, AND COUNTERCLAIMS

86860-0001/LEGAL24581803.4

## PARTIES

2.     CC does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3.     CC does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them.

4.     CC admits that it is a Florida limited liability company and that it imports and sells markers, as well as other products in the United States.  CC denies the remaining allegations in paragraph 4.

5.     Admits that Defendant Hot Off The Press, Inc.'s ("HOTP") business includes selling markers.  CC does not have sufficient information to form a belief as to the truth of the other allegations in paragraph 5 and therefore denies them.

## JURISDICTION AND VENUE

6.     Admitted.

7.     CC admits that this Court has personal jurisdiction over CC. CC denies that it engaged in any wrongful acts.  CC does not have sufficient information to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies them.

8.     Admitted.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

9.     CC does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10.     CC does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11.     Denied.

12.     CC admits that Too Marker appears to be the owner of U.S. Trademark Registration No. 3,629,617.  CC does not have sufficient information to form a belief as to the

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

truth of the remaining allegations in Paragraph 12, or the information contained in the U.S. Trademark Registration No. 3,629,617 and therefore denies them.

13.    CC admits that Too Marker appears to be the owner of U.S. Trademark Registration No. 4,113,852. CC does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 13, or the information contained in the U.S. Trademark Registration No. 4,113,852 and therefore denies them.

14.    CC does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15.    CC does not have sufficient information to form a belief as to what Plaintiffs have learned. CC admits only that CC imported and sold the Spectrum Noir line of markers.

16.    CC admits that it sells the Spectrum Noir line of markers through its website, www.crafterscompanion.com. CC admits that it sells the Spectrum Noir line of markers to some retailers, as well as to some consumers and distributors, in the United States.

17.    CC admits that HOTP's website www.PaperWishes.com and catalogs advertise for sale the Spectrum Noir line of markers. CC does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore denies them.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

### PLAINTIFFS' FIRST CLAIM
(Violation of Lanham Act § 32 – Marker Registration)

24.    CC restates its responses to the allegations in Paragraphs 1 through 23 as if fully set forth herein.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

**PLAINTIFFS' SECOND CLAIM**
(Violation of Lanham Act § 32 – Cap-End Registration)

30.    CC restates its responses to the allegations in Paragraphs 1 through 29 as if fully set forth herein.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

**PLAINTIFFS' THIRD CLAIM**
(Violation of Lanham Act § 43)

36.    CC restates its responses to the allegations in Paragraphs 1 through 35 as if fully set forth herein.

37.    CC does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies them.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    CC does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

4-    CC INTERNATIONAL LLC'S ANSWER, AFFIRMATIVE
       DEFENSES, AND COUNTERCLAIMS

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

86860-0001/LEGAL24581803.4

44.     CC does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

## PLAINTIFFS' FOURTH CLAIM

### (Common Law Trademark Infringement)

52.     CC restates its responses to the allegations in Paragraphs 1 through 51 as if fully set forth herein.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

## PRAYER

CC denies that Plaintiffs are entitled to any of the listed or other relief. CC also demands a trial by jury as to all issues so triable in this case.

## GENERAL DENIALS

Except as otherwise expressly admitted in paragraphs 1 through 56 above, CC denies each and every allegation contained in paragraphs 1 through 57 of the Complaint, including without limitation, the headings contained in the Complaint, and specifically denies liability to

5-  CC INTERNATIONAL LLC'S ANSWER, AFFIRMATIVE
    DEFENSES, AND COUNTERCLAIMS

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Plaintiffs and that Plaintiffs have suffered any legally cognizable harm for which CC is responsible.

With respect to all paragraphs in the Complaint in which Plaintiffs prays for costs, attorneys' fees or any other legal or equitable other relief, CC denies that Plaintiffs are entitled to such relief.

## AFFIRMATIVE DEFENSES

CC asserts the following affirmative defenses, without assuming the burden of proof on any such defenses that would otherwise rest with Plaintiffs. CC expressly reserves the right to supplement, amend, or withdraw any or all of the following defenses, as warranted by discovery or other investigation, or for any other reason:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have no proprietary trade dress or trademarks rights in any feature or combination of features pertaining to the external appearance of Plaintiffs' line of markers at issue.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have no suffered any damages as a result of CC's alleged conduct referred to in the Complaint; thus, Plaintiffs are not entitled to any relief.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or, in part, by the doctrine of aesthetic functionality in that any feature or combination of features of the external appearance of Plaintiffs' line of markers at issue is at best an ornamental feature.  As such, trademark protection would significantly hinder competition by limiting the range of adequate alternative designs.

### FOURTH AFFIRMATIVE DEFENSE

The U.S. Trademark Registrations asserted by Plaintiffs in this case are invalid and should be cancelled because the product features Plaintiffs seek to protect are functional.

6-   CC INTERNATIONAL LLC'S ANSWER, AFFIRMATIVE
      DEFENSES, AND COUNTERCLAIMS

86860-0001/LEGAL24581803.4

## FIFTH AFFIRMATIVE DEFENSE

The product features Plaintiffs seek to protect in this case are functional, generic, lack secondary meaning, do not function as source indicators, and/or otherwise are incapable of functioning as trade dress.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for injunctive relief is barred as a matter of law because Plaintiffs have not suffered any irreparable harm as a result of the acts alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for damages is barred, in whole or in part, because the purported damages are too speculative or uncertain.

## COUNTERCLAIMS AGAINST TOO MARKER PRODUCTS, INC. AND IMAGINATION INTERNATIONAL, INC.

Defendant/Counterclaim Plaintiff CC International LLC (hereinafter "CC") for its counterclaims against Plaintiffs/Counterclaim Defendants Too Marker Products, Inc. (hereinafter "Too Marker") and Imagination International, Inc. (hereinafter "Imagination") (collectively "Counterclaim Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment that Counterclaim Plaintiff CC does not infringe any trademarks, trade dress, or other rights purportedly owned by Counterclaim Defendants Too Marker and Imagination and for cancellation of specific registered trademarks. There is a need for such relief because Counterclaim Defendants have asserted that CC is infringing their purported trademark and/or trade dress rights in the configuration of a marker, which CC expressly denies.

7-  CC INTERNATIONAL LLC'S ANSWER, AFFIRMATIVE
    DEFENSES, AND COUNTERCLAIMS

86860-0001/LEGAL24581803.4

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## THE PARTIES

2.      CC International LLC, doing business as Crafter's Companion USA, is a Florida limited liability company, having its principal place of business at 2785 East Regal Park Drive, Anaheim, California, 92806.

3.      Upon information and belief, Counterclaim Defendant Too Marker is a Japanese corporation having its principal place of business at Ebisu Subara Bldg. 4F, 20-8, Ebisu 1-chome, Shibuya-ku, Japan 150-0013.

4.      Upon information and belief, Counterclaim Defendant Imagination is an Oregon corporation having its principal place of business at 633 Market Street, Unit A, Eugene, Oregon 97440.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademark action), 1367 (supplemental), and 2201 (Declaratory Judgment Act).

6.      The Court has personal jurisdiction over this action pursuant to the Oregon Long Arm Statute, ORCP 4 (A), and ORCP 6, because, among other things, Counterclaim Defendant Imagination is a corporation created by or under the laws of this state, both Counterclaim Defendants are engaged in substantial and not isolated activities within Oregon, Counterclaim Defendants conduct continuous and systematic business within Oregon, and because Counterclaim Defendants have availed themselves of this forum.

7.      Additionally, Counterclaim Defendants have purposefully directed their activities at residents in Oregon, the claims here arise out of or relate to those activities, and Counterclaim Defendants knew that their conduct and connections with this district were such that they should reasonably have anticipated being brought into court in this district.  The assertion of personal jurisdiction is reasonable and fair.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

8.      Venue is proper under 28 U.S.C. § 1391(b) and (c) at least because Counterclaim Defendants are subject to personal jurisdiction in this district, and a substantial part of the events giving rise to the claim occurred here.

9.      An actual case or controversy has arisen between the parties. Counterclaim defendants have: (a) filed this lawsuit against Counterclaim Plaintiff CC and its customer Hot Off the Press, Inc. "HOTP"); and (b) asserted that Counterclaim Plaintiff's and HOTP's marketing and selling of competing marker products constitutes federal and common law trademark and/or trade dress infringement, and violate the Lanham Act.  These actions have caused injury to Counterclaim Plaintiff and threaten further injury in the future.

## PERTINENT FACTS

10.      Counterclaim Defendant Too Marker is, on information and belief, the owner of U.S. Trademark Registration No. 3,629,617 (the '617 registration) for the configuration of a marker having a squarish cross-sectional shape.  A copy of the '617 registration is attached to Counterclaim Defendants' Complaint as Exhibit A.

11.      Counterclaim Defendant Too Marker is, on information and belief, the owner of U.S. Trademark Registration No. 4,113,852 (the '852 registration) for the configuration of the end portion of a marker cap having a squarish cross-sectional shape.  A copy of the '852 registration is attached to Counterclaim Defendants' Complaint as Exhibit B.

12.      Upon information and belief, Counterclaim Defendant Imagination is the exclusive United States distributor of marker products for Too Marker embodying the configurations that are the subject of the '617 and '852 registrations.

13.      Upon information and belief, Counterclaim Defendant Imagination operates a website at www.copicmarker.com and sells arts and crafts products, including a line of markers called the "Copic" markers.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

14. Upon information and belief, the configurations associated with the Copic markers are allegedly embodied in the '617 and '852 registrations.

15. Counterclaim Defendants allege CC sells competing marker products called the "Spectrum Noir" line of markers.

16. Counterclaim Defendants allege that the Spectrum Noir line of markers infringe on their trademark and trade dress.

17. On May 10, 2012, Counterclaim Defendants together filed the Complaint in this action asserting claims for trademark and trade dress infringement and related claims with respect to CC's offering for sale and sale of the Spectrum Noir line of markers.

## COUNT I

## DECLARATORY JUDGMENT AS TO NONINFRINGEMENT OF TRADEMARK

18. CC re-alleges and incorporates by reference paragraphs 1 through 17 hereof as if set forth herein in full.

19. This is an action for a declaratory judgment and further relief against Counterclaim Defendants pursuant to 28 U.S.C. §§ 2201 and 2202.

20. Counterclaim Defendants have alleged, and CC denies, that CC's conduct, including its promotion, advertising, sale and offer for sale of the Spectrum Noir line of markers infringes the '617 and '852 trademarks.

21. There is no likelihood that CC's customers or prospective customers will believe that the Spectrum Noir line of markers is affiliated with Counterclaim Defendants.

22. Counterclaim Defendants are unaware of any evidence of actual confusion as a result of CC's activities.

23. CC has not violated Counterclaim Defendants' rights, including any trademark and/or trade dress rights, or committed unfair competition, by its sale of an alleged competing line of marker products.

10- CC INTERNATIONAL LLC'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

86860-0001/LEGAL24581803.4

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

24.     CC is entitled to a declaratory judgment that it has not infringed any of Counterclaim Defendants' trademark and/or trade dress rights, or committed unfair competition, by reasons of its sale of the Spectrum Noir line of markers.

25.     Counterclaim Defendants' allegations of infringement and related claims have adversely affected CC and will continue to adversely affect CC because, until the Court makes a determination of CC's rights, CC will be in doubt as to its right to continue to sell the Spectrum Noir line of markers. CC is entitled to a declaratory judgment that it has not infringed any of Counterclaim Defendants' purported trademark and/or trade dress rights by reason of the sale of the Spectrum Noir line of markers in commerce.

## COUNT II

## DECLARATORY JUDGMENT AS TO NON-INFRINGEMENT OF TRADE DRESS

26.     Counterclaim Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 hereof as if set forth herein in full.

27.     Counterclaim Defendants have alleged, and CC denies, that CC's conduct, including its promotion, advertising, sale and offer for sale of the Spectrum Noir line of markers constitute trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28.     CC seeks a declaratory judgment that the configuration of the Spectrum Noir line of markers is not likely to cause confusion with Counterclaim Defendants' alleged squarish body configuration and squarish cap-end configuration in their markers.

29.     CC seeks a declaratory judgment that its trade dress is not likely to cause confusion with Counterclaim Defendants' alleged trade dress.

30.     CC seeks a declaratory judgment that Counterclaim Defendants will suffer no damages or loss of goodwill as a result of CC's use of its (i.e., CC's) alleged trade dress.

31.     CC seeks a declaratory judgment that Counterclaim Defendants are not entitled to any injunctive relief or damages under 15 U.S.C. § 1117.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

32.     An actual, concrete and justiciable controversy exists concerning CC's lawful use of its trade dress.

## COUNT III

## DECLARATORY JUDGMENT THAT U.S. TRADEMARK REGISTRATION NO. 3,629,617 IS INVALID AS FUNCTIONAL

33.     CC re-alleges and incorporates by reference paragraphs 1 through 32 hereof as if set forth herein in full.

34.     Counterclaim Defendants do not have any valid proprietary trademark rights to U.S. Trademark Registration No. 3,629,617 claiming the configuration of a marker having a squarish shape body because it is functional.

35.     Counterclaim Defendants do not have any valid proprietary trademark rights to U.S. Trademark Registration No. 3,629,617 claiming the configuration of a marker having squarish shape body because it is functional in view of the extensive touting (by the applicant of this mark) of its functionality through advertisement that, inter alia, the square body of the marker can prevent the marker from rolling off a desk when not in use.

36.     Counterclaim Defendants do not have any valid proprietary trademark rights to U.S. Trademark Registration No. 3,629,617 claiming the configuration of a marker having a squarish shape body because it is functional in view of the admissions by the applicant that the squarish cross-sectional shape of the mark has a function.

37.     Counterclaim Defendants do not have any valid proprietary trademark rights to U.S. Trademark Registration No. 3,629,617 claiming the configuration of a marker having a squarish shape body because, among other things, it is functional in view of the fact that the squarish shape gives a user a better grip and control than a round shape marker does.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

38.     Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court is empowered to order cancellation of trademark registrations in any civil action in which the validity of the mark is placed in issue.

## COUNT IV

## DECLARATORY JUDGMENT THAT U.S. TRADEMARK REGISTRATION NO. 4,113,852 INVALID AS FUNCTIONAL

39.     CC re-alleges and incorporates by reference paragraphs 1 through 38 hereof as if set forth herein in full.

40.     Counterclaim Defendants do not have any valid proprietary trademark rights to U.S. Trademark Registration No. 4,113,852 claiming the configuration of the end portion of a marker cap having a squarish cross-sectional shape body because it is functional.

41.     Counterclaim Defendants do not have any valid proprietary trademark rights to U.S. Trademark Registration No. 4,113,852 claiming the configuration of the end portion of a marker cap having a squarish cross-sectional shape body because it is functional in view of the fact that such configuration causes, *inter alia*, a snug fit between the pen and its cap, which serves a function.

42.     Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court is empowered to order cancellation of trademark registrations in any civil action in which the validity of the mark is placed in issue.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff CC prays for a judgment as follows:

A.      That the Court enter judgment declaring that the sale of the Spectrum Noir line of markers does not constitute trademark infringement under 15 U.S.C. § 1114;

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

B.   That the Court enter judgment declaring that the sale of the Spectrum Noir line of markers does not constitute false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

C.   That the Court enter judgment declaring that CC's conduct, including its promotion, advertising, sale and offer for sale of the Spectrum Noir line of markers does not constitute trade dress infringement under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

D.   For a declaration that alleged U.S. Trademark Registration No. 3,629,617 is invalid and unenforceable;

E.   For a declaration that alleged U.S. Trademark Registration No. 4,113,852 is invalid and unenforceable;

F.   For a declaration that Counterclaim Defendants are not entitled to any injunctive relief with respect to CC's use of the Spectrum Noir line of markers or trade dress;

G.   For a declaration that Counterclaim Defendants have not suffered any harm from any sale of the Spectrum Noir markers and are not entitled to damages or other relief under 15 U.S.C. § 1117;

H.    For a declaration that CC is entitled to its costs, expenses, and attorneys' fees under 15 U.S.C. § 1117; and

I.    For such other and further relief as the Court may deem proper.

DATED:  September 21, 2012              **PERKINS COIE LLP**


                                       By: s/ Stephen F. English
                                       ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                           Stephen F. English, OSB No. 730843
                                           SEnglish@perkinscoie.com
                                           Julia E. Markley, OSB No. 000791
                                           JMarkley@perkinscoie.com
                                           Kristina J. Holm, OSB No. 112607
                                           KJHolm@perkinscoie.com
                                           1120 N.W. Couch Street, Tenth Floor
                                           Portland, OR  97209-4128
                                           Telephone:  503.727.2000
                                           Facsimile:  503.727.2222

                                       Attorneys for Defendant CC International LLC